## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

STANTON SHELTON,               )
                                              )
               Plaintiff,         )
                                              )
               v.                  )        No. 05-4387-CV-C-SOW
                                              )
JEANNIE WIGGINS, et al.,        )
                                              )
               Defendants.     )

## REPORT AND RECOMMENDATION

Plaintiff, an inmate confined in a Missouri mental institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On November 16, 2005, plaintiff filed a complaint under 42 U.S.C. § 1983, and a motion for leave to proceed in forma pauperis. Plaintiff seeks injunctive and monetary relief. In a long and rambling complaint, plaintiff appears to allege that his property was stolen during room searches, his property was stolen by other patients or inmates, he is subjected to verbal assaults, staff members are unprofessional, he has been improperly confined and disciplined, and on at least one occasion he was threatened by another patient.

Upon review, plaintiff should be denied leave to proceed in forma pauperis and his claims dismissed for the reasons set forth below.

On September 22, 2003, a general order was entered by this court, *In Re Stanton Q. Shelton* (W.D. Mo. Sept. 22, 2003) (Attachment 1), forbidding plaintiff from filing any further lawsuits in this court unless it is determined that plaintiff's allegations involve some misconduct on the part of his guardian or that plaintiff is in some real danger of harm which is not adequately being addressed by his guardian and the state. *See Kolocotronis v. Reddy*, 247 F.3d 726, 727-28 (8th Cir. 2001) (mental patient who is a frequent filer of complaints that are often dismissed may be forbidden from filing further lawsuits without leave of the

court).  In the instant case, plaintiff's claims do not allege misconduct on the part of his court-appointed guardian, and the court finds that plaintiff's claims can and should be addressed via plaintiff's court-appointed guardian.  Thus, plaintiff should be denied leave to proceed in forma pauperis and his claims be dismissed, pursuant to the general order.

Additionally, plaintiff's claims regarding the appropriateness of his custody and treatment should be addressed by the state courts via a petition for a writ of habeas corpus or through proceedings initiated by plaintiff's guardian ad litem.  Many of these issues have been addressed in other cases and plaintiff has been repeatedly advised of the appropriate procedures to follow.

Plaintiff's property claims do not rise to the level of a constitutional violation because he has adequate state court remedies.  Further, plaintiff's apparent allegation that he is being denied access to the courts by defendants because his paperwork for a lawsuit has been stolen fails to state a claim.  He has not shown prejudice in any case as a result of the alleged theft.  Plaintiff has a guardian ad litem and his legal paperwork should be processed and kept by the guardian.  Accordingly, it is

RECOMMENDED that plaintiff be denied leave to proceed in forma pauperis, and his claims be dismissed, pursuant to 28 U.S.C. § 1915 and the general order in *In Re Stanton Q. Shelton* (W.D. Mo. Sept. 22, 2003).

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days.  The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report.  Exceptions should not include matters outside of the report and recommendation.  Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation.  The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances.  Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.  *See* L.R. 74.1.

Dated this 17th day of January, 2006, at Jefferson City, Missouri.


/s/

WILLIAM A. KNOX
United States Magistrate Judge

3